PER CURIAM:
The claimant brought this action for damage to her 1987 Subaru station wagon, which occurred when she struck a hole on a road maintained by the respondent in Marion County. The *29 Court will make a comparative award for the reasons stated below.
The incident giving rise to this action occurred on December 26, 1996, at approximately 6:25 p.m. There was some question about the exact location of the accident, but the evidence adduced at hearing indicated that the road in question was Route 27/4 in Marion County, approximately two miles from what is known as the Enterprise bridge. Route 27/4 in this area is a paved two-lane road that is second priority in terms of maintenance. The claimant was driving her vehicle approximately 30 miles per hour behind another vehicle, which was driven by a friend, Nina Todd. The evidence was that both vehicles struck a large hole on the edge of the pavement. The claimant’s exhibits admitted into evidence establish that Ms. Bolyard’s vehicle sustained damage to the tire, rim, strut and axle in the amount of $532.27. The claimant carried liability insurance only.
The hole in question was described as approximately one-and-a-half feet in diameter, six to eight inches deep, and was located roughly one foot from the edge of the road. The evidence at hearing established that the respondent had no prior notice of the hole in this particular location. The claimant testified that at the time she was familiar with the road and traveled it daily.
It is the general rule that the State of West Virginia is neither an insurer nor a guarantor of the safety of motorists upon its roads. In order to hold the respondent liable for a road defect of this nature, the claimant must prove that the respondent had actual or constructive notice of the defect. Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986), Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985). The Court is of the opinion that a hole of the dimensions described herein would develop over a period of time, and that the respondent therefore had constructive notice of this hazard. However, the Court is also of the opinion that the claimant was 40 percent at fault of failing to exercise due care. Therefore the Court hereby makes an award in the amount of $319.36, reflecting 60 percent of the claimant’s damages.
Award of $319.36.